**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 26-11615
Non-Argument Calendar
_____

ATLC, INC.,
A Florida corporation,

*Plaintiff-Counter Defendant-Appellee,*

*versus*

BROADBAND ITV, INC.,
A foreign corporation,

*Defendant-Counter Claimant-Appellant,*

GERALD J. DAIGLE, JR. et al.,

*Defendants.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cv-00212-ACC-NWH
_____

Before JILL PRYOR, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Plaintiff filed a second amended complaint against several defendants, including Broadband iTV, Inc., asserting three counts related to business dealings. On April 10, 2026, the district court entered an order that denied Broadband iTV's motion for summary judgment and granted Plaintiff's motion for partial summary judgment on Count II, after which Plaintiff amended its complaint to remove Count I, leaving Count II and Count III. On April 27, the district court entered an order that denied Broadband iTV's motion for reconsideration of its April 10 order. Broadband iTV appeals the April 10 and April 27 orders.

We lack jurisdiction over this appeal because the orders Broadband iTV is attempting to appeal are not final, as they did not resolve all claims or end the case on the merits; indeed, Count III expressly remains pending before the district court and is set for trial. *See* 28 U.S.C. § 1291 (providing appellate jurisdiction over "final decisions of the district courts"); *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (explaining that a final decision ends the litigation on the merits and leaves nothing for the court to do but execute its judgment).

Further, those orders are not otherwise appealable now. The district court did not certify either order for immediate review and did not enter any partial final judgment. *See* 28 U.S.C. § 1292(b) (providing for appeal of certain certified interlocutory orders); Fed. R. Civ. P. 54(b) (providing for entry of final judgment as to fewer than all parties or claims). Moreover, the orders Broadband iTV

26-11615                    Opinion of the Court                    3

seeks to appeal are not immediately appealable under the collateral order doctrine because they are not separate from the merits of the case and are effectively reviewable on appeal from a final judgment. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it conclusively resolves an issue completely separate from the merits and is effectively unreviewable on appeal from a final judgment).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.